Martin, J.
delivered the opinion of the court. The plaintiffs claim several arrearages of an annuity, which they alledge, was constituted to them by the defendant, for the price of a lot of ground sold to him.
The defendant resists this claim, alledging that the arrearages, mentioned in the petition, are not those of an annuity, by him constituted to the plaintiffs, but those of a rent reserved on a lease, which he once owed to the plaintiffs, and which he paid as long as he possessed the premises, but of which he discharged himself, by an alienation of the lot, to one Thomas Bailey, under certain terms which were stipulated for, by the plaintiff, in their deed to him.-See the newt case.
It is not denied, that the arrearages claimed accrued after the alienation, and this alienation, is admitted to have been made, according to the terms prescribed by the plaintiffs, to the defendant, in their deed for the premises. It is further admitted, that Thomas Bailey, after the ' *310 alienation of the premises to him by the defendant, entered and paid the arrearages that accrued, after the alienation, for some time, and that on his failing to pay, the plaintiffs instituted a suit, without success, against him, to recover the arrearages which afterwards accrued, and which they now claim from the defendant, so that the only question for the solution of this court is, whether under all these circumstances, the defendant be discharged from the payment of arrearages, becoming due after his alienation.
The defendant contends, he is discharged therefrom-1, from the nature of the contract, 2, by his compliance with the terms on which alone it was stipulated, that it should be lawful for him to alien-3, by the receipt of arrearages, paid by Thomas Bailey, to the plaintiffs-4, and their acceptance of him for their debtor, resulting from the receipt of these arrearages, and from the institution of a suit against him, to recover the arrearages now demanded of the defendant.
I. The defendant contends, that his liability ceased on his alienation of the premises, from the nature of the contract.
He contends that the contract, which has in *311 tervened between him and the plaintiffs, is a contract of lease, and that the arrearages claim ed, are those of a rent reserved on a lease, demandable of the lessee or occupant only ; that consequently as he fairly ceased, according to one of the stipulations of his lease, to occupy and possess the premises, he is no longer liable to pay the rent.
The plaintiffs on the contrary contend, that the contract, between the parties to this suit, was a contract of sale, accompanied by a contract of annuity, whereby, in consideration of the plaintiffs assent, that the price at which the lot was sold should remain in the defendant’s hands, for twenty-nine years, and as long thereafter as the defendant should desire to retain it, the defendant did constitute an annuity to the plaintiffs, equal to the legal interest of the price, to be paid them quarterly, till the price was actually paid.
The defendant replies, that the contract was not a sale, but a lease, and calls the attention of the court to a clause in his deed, whereby it is declared, that the premises and buildings that may be erected thereon shall remain especially mortgaged for the payment of the sum, and the performance of the covenants stipulated for, and that these buildings shall form no obstacle *312 to the removal of the defendant, his heirs and assigns from the premises, in case two quarters of the annual sum to be paid, should he in arrear. Lastly, that in case he should make a cession of his goods to his creditors, or obtain any respite or delay from them, the plaintiffs shall not be considered as having transferred to him the absolute ownership and dominion of the premises, the consideration money not having been received; but the defendant shall be considered as a precarious possessor, farmer or lessee, and the plaintiffs shall he preferred to all other creditors on the premises, and shall be able to regain possession thereof.
This court is of opinion, that a real sale of the premises has intervened, between the parties, and that the price and consideration money was left in the defendant's hands, as the principal of an annuity, or rente constituee, which he undertook to pay to the plaintiffs, Until he exercised his right of redemption, Which is of the essence of the contract; a right, the exercise of which was, under the civil code, postponed for twenty-nine years-that the. arrearages claimed, are those of an annuity or rente constituee, and not of a rent reserved on a lease, a rente fonciere.
The annuity, rente constituee, says Ferriere, *313 is that which is duo to bins who Las paid a sum of money, for a lawful interest, to ho paid by him who received the money, till he chooses to discharge himself therefrom, by reimnursing the principal. Verbo Rente.
When the person who constitues the annuity, is debtor of him to whom it is constituted, the dicharge given by the latter, is equivalent to the actual payment of the money. It matters not whether the debt, in discharge of which the annuity is constituted, be anterior to, or simultaneous with the constitution of the annuity; as when the vendor of an estate causes, in the deed of sale thereof, an annuity to he constituted to himself, in payment of the consideration money of the sale. Pothier, Traite de constitution de rente, n. 34.
The rent reserved on a lease, rente forciere, is constituted to result out of an estate, the place of which it takes, as being substituted thereto. It has with regard to the lessor, the same quality as the estate, is proper or acquet. It is called fonciere because it is due by the estate, le fonds. It differs from the annuity, rente constituee, which is merely personal, and is not due by the estaie affected by, or hypothecated for it. So the debtor is bound to pay the annuity, rente constituee, though he has *314 ceased to possess the estate mortgaged therefor, while the debtor of the rente fonciere, is no longer liable to pay it, after he has abandoned, the estate by which the rent is due. Ferriere, verbis rente constituee, rente fonciere.
Although by a clause of the deed, the sale of the premises was to resolve itself into a lease, on the happening of a contingency, not within the power or control of the plaintiffs-a contingency which did not happen, it is clear that an absolute sale was effected by the plaintiffs, who divested themselves of their property, with the sole stipulation of their privilege; a right of re-entry, if needful, in case of non-payment of the price. This cautionary stipulation, does not alter the character of the contract, which both parties had the intention of effecting-a contract of sale.
We therefore conclude, that under the circumstances of this case, the defendant is not discharged from his liability to pay the annuity, which became due after his alienation of the premises, by the nature of the contract.
II. It is contended that he became so, by his compliance with the terms, on which alone it was stipulated it should be lawful for him to alienate.
*315 The clause which contains the stipulation here alluded to provides, that it shall not he lawful for the defendant to alien the premises, except on the terms on which they were sold to him, and that in case of such alienation, he should with in a fixed time furnish the treasurer of the corporation, with a copy of the deed of alienation.
The object of this stipulation, was to restrict the power to alien, which the defendant could have exercised, in the absence of the stipulation. By complying with the terms it imposed, the defendant acquired the absolute power of aliening, and when an alienation was accordingly effected, its effect and consequences were precisely the same, as those of an alienation, without a compliance with the terms imposed, if such a compliance had not been stipulated for. We have seen that such an alienation would not have discharged the defendant: he cannot be so, by a compliance with the terms on which alone it w as stipulated, that it should be lawful for him to alien.
III. The receipt, by the plaintiffs, of arrearages (accrued after the alienation) from Thomas Bailey, is presented to us as a circumstance which operated a dissolution of the obligation of the defendant.
*316 One of the terms on which it became lawful for the defendant to alien was, that he should bind his vendee to pay the arrearages that would become due to the plaintiffs after the alienation. It is clear, that this was a stipulation in favor of the plaintiffs, since it derogated from the power which the defendant would otherwise have had of alienating without any restriction. When we are asked, what, advantage did the plaintiff acquire thereby, the, answer presents itself-a greater security for the payment of their debt, by the cumulation at every alienation, of the accessory obligation of the alienee to the primary and principal obligation of the immediate vendee of the plaintiffs, the defendant.
He, however, contends that the obligation of every alienee was not an accessory one, but a principal one, which dissolved that of his antecessor.
The clause does not lead us, by any express words, to this conclusion-it stipulates for the creation of a new obligation, which cannot be said to destroy the original one, unless it he shewn to be inconsistent, incompatible or manifestly incongruous therewith.
When a man purchases an estate, without the actual payment of any thing, merely by incurring an obligation to pay the price, he has no *317 right to expect and extinguishment of his obligation by any act of his, without the concurrence of the vendor’s assent. He cannot expect to discharge his obligation by pointing out to his vendor an individual, who is willing to assume the payment of his debt. He may, however, stipulate with any of his debtors, even with his alienee, that such a debtor or alienee, shall pay for him the debt, which he himself owes to his own vendor. In such a case, a partial payment received by the latter from the debtor or alienee of the former, will discharge the original debt, pro tanto, and will leave it in vigor for the balance. If the vendee may do this of his own accord, the vendor may lawfully stipulate for its being done. In this case, the delegation thus obtained by the vendor will strengthen, instead of dissolving, his right-consequently, the corresponding obligation of his vendee will neither be weakened nor dissolved thereby. A. complete payment will absolutely discharge the vendee and debtor or alienee-a partial one will work a partial discharge only. If this debtor or alienee, in consequence of the stipulation of his creditor or alienor, promise to his vendee to pay the debt he owes to such a creditor or alienor, in discharge of what he owes to his own vendor, his obligation will be an acces *318 sory one, the existence of which will neither be inconsistent, incompatible or incongruous with the continuation of the principal one.
It appears to us, that the object of the clause, under consideration, was to acquire to the plaintiffs shell an accessory obligation.
They were selling the property of the city, as appears from the deed, at public auction, without requiring any payment or security. They had no opportunity of selecting the persons with whom they were to contract. They were bound to accept, without any inquiry, any person making the highest bid. Are we not, therefore, to expect that the means, by which the payment of the sums stipulated might be secured, should be cumulated? Would it have been safe, would it have been correct, in the plaintiffs to assume it as a certain fact, that the land would have, at all times, been sufficient to secure the payment of the rent due-that it would never he against the interest of the city to have she contract they were about to make thrown back on the hands of the plaintiffs? If so, as they were in no case o have the option of resuming the land, a sale was a most injurious contract-why was it made? Thus we find a cause evidently inserted by the plaintiffs, and which must therefore be supposed to secure *319 same advantage to them, destructive in its effects of their interest.
On the other hand, if the stipulation receives the construction contended for by the plaintiffs, they receive indeed an additional security for the payment of the price of their lots ; but the defendant can in no case be injured, or pay more than he engaged, and, like other vendees, he will only be submitted to the inconveniency of remaining bound for the payment of the price of the thing bought, till it be paid.
We conclude that the receipt of some of arrearages by the plaintiffs from Thomas Bailey, was only the receipt from one of the debtors of the defendant of money which the defendant had stipulated he should pay the plaintiffs in discharge of the money due them by the defendant, who is thereby liberated pro tanto, but not discharged from his obligation of paying the remainder.
IV. Lastly, the defendant contends that he is discharged, because the plaintiff have accepted Thomas Bailey, as their debtor, and this acceptance is said to be evidenced, not only by the receipt of some arrearages, but also by the institution of a suit for the recovery of others.
*320 We have seen that the receipt of some of the arrearages by the plaintiffs from Bailey cannot have the effect contended for. The institution of a suit for other arrearages, if this court be of opinion as the inferior one, that the suit cannot be maintained, will only shew that the plaintiffs mistook their remedy, and their error cannot dissolve the obligation of the person who contracted with them-and the plaintiffs contend that a recovery against Bailey, as long as it was not followed by the payment of the sum recovered, would be no obstacle to their obtaining judgment against the present defendant.
The arrearages claimed, they contend, are a personal debt of the defendant, for which, it is true, they have a privilege on the premises sold. It is not due by the lot. If the holder of the lot was compelled to pay it, without having stipulated to do so, he would have his claim on the defendant to be reimbursed. Had the defendant died, the arrearages would he the debt of all his heirs, not of the particular heir to whose Portion of his estate the lot might fall. Thomas Bailey may perhaps, be sued by the plaintiff, on a contract or a quasi contract, for the payment of these arrearages-and may certainly be compelled to allow the lot to be sold, that the plaintiffs may have the benefit of the *321 privilege, which they have reserved to themselves on the lot. But in the two first instances, the obligation of Bailey, whether it arises on a contract or quasi contract, is only cessory obligation, which the plaintiffs may in-force by suit, without impairing their right or their principal debtor.
Moreau for the plaintiffs, Duncan for the defendant.
The judgment of the parish court, which rejects the claim of the plaintiffs, is erroneous, and is accordingly annulled and reversed, and it is ordered, adjudged and decreed, that they recover from the defendant, the sum of one thousand, one hundred and thirteen dollars, for the arrearages of their annuity, with costs in both courts.