EASTERN DIST.
June, 1837.

M'MICKEN
vs.
FICKLIN'S
CURATOR.

upon the matters alleged in reconvention, the action may be maintained, and the plaintiff cannot afterwards have the reconventional demand stricken out.

---

### M'MICKEN vs. FICKLIN'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST, FELICIANA.

On the dissolution of partnership between M. & F., the former was appointed liquidator to receive and pay all the debts and accounts of the firm ; the latter took the stock of goods at an advance of five per cent., and paid to his partner one half of the price in drafts, and for the other half gave his promissory note, with sureties, *payable to the firm of M. & F. :* Held, that M. cannot sue and recover on the note, from the estate of F., in his *own* right, until he renders an account of his agency as liquidator of the firm, and shows he has paid debts, etc., beyond the assets or means placed in his hands.

Auditors are appointed to state the respective accounts of the parties litigant ; and they are bound to do so with sufficient precision and minute-

ness, to enable the court to judge whether they correctly rejected, or allowed the various articles in the accounts.

Eastern Dist.
June, 1837.

M'MICKEN
vs.
FICKLIN'S
CURATOR.

The partner, who, on the dissolution of the partnership, is appointed liquidator of the firm, cannot recover any thing from his co-partner, without first rendering an account of his agency as liquidator.

Entries made in the partnership books, by the liquidator of the firm, after its dissolution, are no evidence against the other partner.

This is an action by a partner against the succession of his co-partner, claiming a balance of five thousand dollars, as due from the latter, and also the amount of a note, executed by his co-partner with sureties, after the dissolution of the partnership, and made payable to the *firm.* See *the case,* 7 *Louisiana Reports,* 66. See also 11 *Peters' Reports,* 25.

The partnership of M'Micken & Ficklin was dissolved the 8th September, 1817, and M'Micken was charged with the settlement of all the partnership accounts as liquidator. Ficklin took the stock of goods then on hand, at five per cent. advance on their original cost, and gave acceptances on Flower & Finley, of New-Orleans, for one half of the price, and his promissory note payable to the firm for the other half. This suit was instituted in the Court of Probates for the parish of West Feliciana, the first of January, 1831, against the representative of Ficklin's estate, in which M'Micken claims a balance due of five thousand dollars ; and also the following note, being the one given for one half the stock of goods by Ficklin.

"St. Francisville, Sept. 20, 1817.
" Dollars, 4866 93.

" On the first day of March, 1819, we or either of us promise to pay, jointly or separately, unto M'Micken & Ficklin, or order, four thousand eight hundred and sixty-six dollars and ninety-three cents, being for value received, with ten per cent. after due, until paid.

" JAMES H. FICKLIN,
" JEDEDIAH SMITH,
" AMOS WEBB."

EASTERN DIST.
*June,* 1837.

M'MICKEN
*vs.*
FICKLIN'S
CURATOR.

The curator pleaded the general issue, and finally on the trial pleaded prescription against the note. Auditors were appointed to state the accounts between the partners. Their report was made up from the books and vouchers, in the hands of M'Micken, the liquidator of the firm. It was objected to on various grounds, and for want of precision.

The auditors reported a balance due to the plaintiff, including the note sued on. The probate judge homologated the report, and gave judgment for the plaintiff accordingly; overruling the plea of prescription.

On the return of the case from the Supreme Court in 1834, to allow evidence, showing that prescription was interrupted, the record of a suit instituted by M'Micken in the U. S. District Court for the Eastern district of Louisiana, against the sureties on Ficklin's note, was produced in evidence. It was commenced the *first* of May, 1827, and is yet pending.

The opposition to the report of the auditors was filed by the attorney for absent heirs. The sureties in the note (Smith & Webb) by their attorney, appeared and made defence, and the opposition so far as the attorney for absent heirs was concerned, dismissed.

The probate judge again overruled the plea of prescription, and gave judgment for the plaintiff. The defendant appealed.

*Bradford,* for the appellant contended, that the judgment should be reversed on two principal grounds, viz : the insufficiency of the auditor's report, and prescription of the note.

2. The auditors received *ex parte* evidence, viz : entries made in books which they took for granted were commercial books of M'Micken & Ficklin, made by M'Micken after the death of Ficklin.

3. The auditors exceeded their submission in this : they were appointed to examine the books and accounts, and nothing further ; yet they took upon themselves to take into view a note given by James H. Ficklin, Amos Webb and Jedediah Smith, in favor of M'Micken & Ficklin, which

EASTERN DIST.
*June*, 1837.

M'MICKEN
*vs.*
FICKLIN'S
CURATOR.

they were not authorized to do ; nor had they any legal evidence, that said note was signed by James H. Ficklin, or was the separate property of C. M'Micken, which they have reported it to be.

4. On the opposition to homologate the report of auditors, it was too late to take a non-suit against the attorney for absent heirs, and make the report obligatory upon the curator.

5. The plea of prescription must prevail. The note is clearly prescribed by lapse of time, before suit was commenced.

*Bullard, J.,* delivered the opinion of the court.

The facts disclosed in this case appear to be, that the plaintiff, and Ficklin, the defendant's intestate, were partners in trade ; that the partnership was dissolved in September, 1817, by mutual agreement. By the same agreement M'Micken was put in possession of all the books, notes and accounts, with full power to settle and collect all dues and demands owing to said firm, and, when in funds sufficient, to pay off all debts due by the firm. Ficklin took all the goods on hand, at an advance of five per cent., and paid to his partner one half the price in drafts, on a commercial house in New-Orleans, and for the other half gave his note, with J. Smith and A. Webb his sureties, *in solido,* payable to M'Micken & Ficklin, on the 1st of March, 1819, amounting to four thousand eight hundred and sixty-six dollars and ninety-three and a half cents.

The object of the present suit is to recover of the estate of Ficklin, 1st, the amount of the promissory note, last mentioned on the allegation, that it was erroneously made payable to the firm, instead of the plaintiff; and 2d, such balance as may be found due to the plaintiff, on the final settlement of the partnership concern, which, he alleges, amounts to the further sum of five thousand dollars.

We shall consider the different branches of the case in the order in which they have been stated.

I. In regard to the promissory note of Ficklin, Smith & Webb, the allegation, that it was made payable in error to

40

EASTERN DIST.
June, 1837.

M'MICKEN
vs.
FICKLIN'S
CURATOR.

On the dissolution of partnership between M. &F., the former was appointed liquidator, to receive and pay all the debts and accounts of the firm; the latter took the stock of goods at an advance of five per cent., and paid to his partner one half of the price in drafts, and for the other half gave his promissory note, with sureties, payable to the firm of M. & F.: Held, that M. cannot sue and recover on the note, from the estate of F., in his own right, until he renders an account of his agency as liquidator of the firm, and shows he has paid debts, etc., beyond the assets or means placed in his hands.

Auditors are appointed to state the respective accounts of the parties litigant; and they are bound to do so with sufficient precision and minuteness, to enable the court to judge whether they correctly rejected, or allowed the various articles in the accounts.

M'Micken & Ficklin, is negatived by all the evidence in the record. It was given for the price of the stock of goods which belonged to the firm, and of which, consequently, an undivided half belonged to Ficklin himself. The other half was paid to the plaintiff. According to the pretensions of the plaintiff, he would be entitled to the whole of the stock in trade, with an advance of five per cent., and Ficklin to nothing. If the goods had been sold to a stranger, each partner would have been entitled to one half the price, and we cannot conceive how the case is altered, when one of the partners becomes the purchaser. Undoubtedly, if the plaintiff, who remained as liquidator of the concern, could show that he had paid debts of the firm beyond the amount of the notes and accounts, which were placed in his hands for that purpose, he would be authorized to recover such an amount as would equalize the profits or losses between the partners. In that event, Ficklin's estate would be bound to refund or to pay, the whole or a part of the note in question. Nothing authorizes us to presume, that the partnership made no profits, and it is in the power of the plaintiff alone, to show the amount of debts which he has paid. He became the mandatory of his partner on the dissolution of the firm ; and it does not appear that he has rendered any account of his gestion. The auditors say in their report, that the note in question, was on the day of its maturity, charged on their books in account to M'Micken, and thereby became his individual property. This charge must have been made long after the dissolution of the partnership, while the books were under the exclusive control of M'Micken, and consequently is not evidence against Ficklin. But according to the same report, the whole debit of M'Micken, including interest, amounts only to six thousand four hundred and thirty-four dollars and nineteen cents ; whereas, if he had charged himself with the sum received from Flower & Finley, on account of the stock of goods sold to Ficklin, and the note in dispute, those two items alone would have amounted to upwards of nine thousand dollars. The auditors further say, that the acceptances mentioned, were cashed and disposed

Eastern Dist.
June, 1837.

M'MICKEN
vs.
FICKLIN'S
CURATOR.

of to the use of the firm; but it is not shown in what manner they were disposed of, nor what debts were paid out of that fund. Auditors are appointed to state the respective accounts of parties, and they are bound to do so with sufficient precision and minuteness, to enable the court to judge whether they acted correctly, in rejecting or in allowing the articles in the accounts.—*Code of Practice*, 455.

Their opinion, therefore, as to the liability of Ficklin's estate to pay the note in question, is not conclusive.

II. With respect to the unsettled accounts of the firm, we have already intimated an opinion, that the plaintiff cannot recover any thing, without rendering an account of his agency as liquidator. He is chargeable with the notes and accounts put into his hands, except so far as he can show his inability to collect them. He is chargeable with the amount of Flower & Finley's acceptances, representing half the stock of goods; and he is further chargeable with any amount he may have received, during the existence of the firm. He is to be credited with the amount of debts, which he may show he has paid out of any funds in his hands, and with his advances, according to the partnership agreement. Ficklin's estate is chargeable with one half the stock of goods, as shown by this note, and with any amount which he may have withdrawn from the concern during its existence, to be credited by any advances which he may have made. Neither the reports of the auditors nor the evidence in the record, enables us to decide finally between the parties, and to strike a balance without the hazard of injustice, to one or the other of them. The books alone, are not evidence against the defendant, of any transactions since the dissolution of the firm. Under these circumstances, as the case must be remanded, we think ourselves called on to express our opinion, on some incidental questions to which our attention has been called.

We concur with the court below, in the opinion, that it was not necessary to make the attorney of absent heirs, a party in the first instance, and consequently that the suit was correctly dismissed as relates to him.

HARVARD LAW SCHOOL LIBRARY

*The partner, who, on the dissolution of the partnership, is appointed liquidator of the firm, cannot recover any thing from his co-partner, without first rendering an account of his agency as liquidator.*

*Entries made in the partnership books, by the liquidator of the firm, after its dissolution, are no evidence against the other partner.*

EASTERN DIST.
*June*, 1837.

M'MICKEN
*vs.*
FICKLIN'S
CURATOR.

The plea of prescription was properly overruled. At a former term of the Supreme Court the case was remanded, in order to enable the plaintiff, to show that prescription had been interrupted. This is now abundantly shown in the record.

It is therefore ordered, adjudged and decreed, *that the judgment* of the Court of Probates, be annulled, avoided and reversed, the report of the auditors set aside, and that the case be remanded for further proceedings according to law ; the plaintiff paying the costs of this appeal.