## TOURNE *v.* RIVIERE et al.

A report of auditors is not conclusive upon the court. Evidence may be received to show its incorrectness, though there be no charge of fraud against the auditors. C. P. 458.

APPEAL from the District Court of the First District, *Buchanan,* J. *Schmidt,* for the plaintiff. *Roselius,* for the appellants.

The judgment of the court was pronounced by

ROST, J. This was an action for the settlement of partnership accounts. It was referred to auditors appointed by the parties; the auditors disagreed, and the court appointed an umpire, who made a report showing a balance of $416 10, in favor of the plaintiff. The plaintiff's counsel took a rule upon the defendants, to show cause why the report should not be homologated and become the judgment of the court. The defendants opposed the homologation on various grounds, and, after argument, their opposition was sustained, and the cause referred back to the auditors and umpire, with directions to proceed according to law. The umpire made a second report, showing a balance of $1432 44, in favor of the plaintiff. The difference in the balance shown by the two reports, is explained by him in these words: " I further report that, upon an examination of the books of the liquidating partners, and from evidence produced, I am of opinion that, *J. E. Tourné* should not be held liable for any loss sustained on the debt due by *Madere,* as, at the time of the dissolution of partnership, and for a long period after, *Madere* was considered solvent, and had due diligence been used the debt would have been paid. *Joseph E. Tourné* had no control over the collection of said claim, and consequently could take no steps for securing its payment." The auditors concurred in this report and opinion. The counsel of the plaintiff took a rule upon the defendants, to show cause why the report should not be approved and homologated, and judgment rendered for the plaintiff in conformity thereto. The defendants opposed the homologotion in these words :

1st. The report is incorrect and unjust, in not making the plaintiff liable for his share of the loss on the *Madere* debt. These defendants and opponents deny that they, or either of them, were liquidating partners, and aver that the plaintiff had just as much control over this debt as these opponents. They further deny that said debt could have been recovered by any degree of diligence.

2d. The auditors and umpire have transcended the power delegated to them, by rendering an award in the same manner as if they had acted as arbitrators, or amicable compounders. The auditors and umpire were only empowered to state the amount of the partnership, leaving to the court all questions of law relative to the respective liability of the partners.

On the trial of the rule the defendants offered in evidence the record of the suit of *P. & J. Rivière & Co.* v. *A. Madere*, for the purpose of proving that they used every diligence and effort in their power to secure and recover the payment of that debt. They also offered several witnesses to prove the allegations set forth in their opposition. The plaintiff, by his counsel, objected to the introduction of the record and testimony, on the ground that the court had no authority or power to inquire into the correctness of the report, unless the opposition contained an allegation or charge of fraud; also because it was not averred that they were offered before the arbitrators and umpire, and not admitted by them; and finally, because the opposition did not charge either of the arbitrators, or the umpire, with any misconduct in the discharge of their duties. The court having sustained the objection, and excluded the evidence, the defendants took a bill of exceptions, which presents for our consideration the only question involved in this controversy.

Under the positive enactments of the Code of Practice, and after the numerous adjudications which have taken place upon them, it is difficult to conceive how the court below could have fallen into the error of which the appellant justly complains. The appointment of experts, referees, or auditors, is derived from the Spanish laws. Those laws clearly define their powers; and the dispositions of our codes on the former subject are taken from them. " Quándo los jueces mandaren nombrar contadores ú otras personas, no se han de nombrar para ningun articulo, que consista en derecho, ni para otra cosa que ellos puedan determinar por el proceso, sino que solamente se nombre para en caso que consista en cuenta, ó tasacion ó pericia de persona, ó arte. Cur. Fil. p. 92, N. 26. Nov. Rec. L. 1, t. 21, lib. 10.

As far back as 1811 the Superior Court said, in applying the Spanish law to a case of this kind : " An award must be final, because the arbitrators are the judges whom the parties have chosen for themselves. Not so the report of referees, who are only appointed to ease the court of the labour of scrutinizing long and intricate accounts." 1 Mart. p. 267. In the case of *Merieult* v. *Austin*, 3 Mart. 310, the Supreme Court recognized the same doctrine, and further held that the report of referees was not conclusive, even when the parties had agreed that it should be made the judgment of the court. In the case of *Millaudon* v. *Percy and others*, 5 Mart. N. S. p. 555, the identical question presented in this case came before the court. The defendants in that case offered evidence to prove, that the opinion expressed by the experts in their report was erroneous. That evidence was objected to by the plaintiff, on the grounds alleged in this case. The judge refused to receive it, and the defendants excepted. On appeal the court reversed the judgment, under arts. 452 and 458 of the Code of Practice, and the cause was remanded to enable the defendants to introduce the evidence offered by them. In the late case of *McMicken* v. *Ficklin's Curator*, 11 La., 310, the same principles were fully stated and recognized.

This case is a striking instance of the hardship and injustice which would at times result from the operation of the rule adopted by the court below. The first report allowed the plaintiff the sum of $416 10. He was satisfied with it, and asked judgment for that sum. The defendants, thinking that they had been aggrieved, opposed the homologation. Their opposition was sustained, the report set aside, and the case referred back to the auditors and umpire. Upon the second reference, the umpire and auditors reported in favor of the plaintiff

TOURNE
*v.*
RIVIERE.

a balance more than three times as large as that which he had deemed satisfactory, and, under the rule adopted, the court would be incompetent to revise their proceedings. The auditors had nothing to do with the law of the case, nor was their finding on the facts conclusive. Code of Pract. art. 458. The court alone had power to decide on the merits of the opposition; and the judge erred in refusing to receive evidence offered to establish the facts upon which the decision is to be based.

The judgment is therefore reversed, and the case remanded to be proceeded in according to law, with directions to the judge to admit all legal and competent evidence offered by the defendants in support of their opposition. It is further ordered that the plaintiff and appellee pay the costs of this appeal.