No. 4207

Second Circuit

AMERICAN EMPLOYERS' INS. CO. v. HYMAN

(January 14, 1932. Opinion and Decree.)

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellee.

McGREGOR, J.   This is a suit for $1,053.75 alleged to be due by the defendant as a balance on account for premiums on two contracts of insurance—one for employers' liability and the other for public liability.   The contracts were written on account of paving construction work carried on by the defendant in the city of Fort Smith, Arkansas, during the years 1928 and 1929.   Defendant lives in the city of Monroe, Louisiana, and has his business office there.   The contracts of insurance were written in that city by Joseph V. Ferrari & Company, duly accredited and authorized agents of the plaintiff, whose office is in the same city.   In its petition the plaintiff alleges that the total amount of the premiums charged on the two contracts is the sum of $3,702.85, and that at various and sundry dates the defendant had made payments totaling the sum of $2,649.10, leaving the balance of $1,053.75.

Defendant answered and admitted the correctness of the charge of $3,702.85, but alleged that he had paid on account the sum of $3,519.59, and that therefore the balance due by him to the plaintiff was only $183.26.   He made a legal tender and deposit of this amount, together with $15 interest and $4.40 cost, and prayed that the plaintiff's suit be dismissed at its cost.

## OPINION

Plaintiff alleges and admits in its petition that in all its dealings with the defendant it was represented by its agent, Joseph V. Ferrari.   The proof is conclusive that the earned premiums on the two contracts of insurance during the time that they were in force was the sum of $3,702.85.   It is also admitted and proved that during that time plaintiff paid to Ferrari the sum of $3,519.59.   Plaintiff contends and Ferrari testifies that of that amount only $2,649.10 was paid on account of the account due to the plaintiff for its insurance premiums.   If any of the money paid by the defendant to Ferrari, plaintiff's agent, was wrongfully retained or applied by him, the defendant is not responsible for it, but if any loss results therefrom it is plaintiff's and not defendant's.   The testimony of Ferrari was taken by commission.   In a statement attached to his testimony he accounts for the receipt and distribution of the sum of $3,519.59, the exact sum which the defendant alleges in his answer that he paid him for the plaintiff.   In this statement Ferrari showed that he retained the sum of $770.04 for "commission (not bond premium) on pav-

ing bond to City of Ft. Smith, Arkansas, incurred 4-24-28." When the defendant secured the paving contract he was required to furnish a bond to guarantee the faithful performance of the contract. This bond was written by the Union Indemnity Company on April 25, 1928. The "commission (not bond premium) on paving bond to City of Ft. Smith, Arkansas, incurred 4-24-28," amounting to $770.04 evidently refers to this bond. In his testimony on this point Ferrari says:

"I did not write this bond. Defendant agreed to give us this bond and later stated that he had to take it from another company, but in consideration for other matters, agreed to and did pay me the bond commission amounting to $770.04."

On August 11, 1928, defendant paid Ferrari the sum of $1,000 on account. Some time subsequent thereto Ferrari submitted to the defendant a statement on which this $1,000 was credited. On this statement there were two charges, viz.: Commission on paving bond, $770.04, and premiums on the two contracts of insurance, $1,121.26. Defendant testifies that this was the first information that he had concerning the claim of Ferrari for the $770.04, and that they had "a pretty hot dispute" about it as soon as he knew of the claim. He testified further that he did not promise this bond to Ferrari and could not have done so for the reason that he never met him until about ten days after it had been written. Mr. E. J. Deas, a silent partner of the defendant, also testified that the paving bond was never promised to Ferrari, and that, therefore, no commission could be due him on that account. In his testimony Ferrari says that defendant promised to pay this commission "in consideration for other matters." What these "other matters" were he does not disclose. Deas says that he told him it was for

"what he done for you in getting this city job," and that he replied, "he never bought any job and was paying him no premiums."

From the evidence it is clear that Ferrari had no authority or right to retain out of the money paid to him by the defendant this disputed sum of $770.04. The question of the proper imputations of payments does not arise. The amount was never due by the defendant, and at the time the first $1,000 was paid defendant was not even aware of the pretended claim. It is evident that defendant thought the $1,000 was close to the amount due, for as a matter of fact the amount of the premiums due on insurance at that time was $1,121.26.

Defendant's books were audited on May 23, 1929, to ascertain the total amount due to plaintiff on account of the two contracts of insurance. This audit, of course, was based on defendant's payroll. The gross amount due was found to be the sum of $3,702.85. Much is attempted to be made of the fact that defendant's bookkeeper was present when this audit was made and signed the two sheets covering the same. The only thing certified to by defendant's bookkeeper was the correctness of the payroll on which was based the estimate that the gross amount of earned premiums on the two contracts of insurance was $3,702.85.

In adition to the $3,702.85 which defendant admits to be correct, he admits that Ferrari wrote for him a bond with the United States Fidelity & Guaranty Company of Baltimore, in favor of Sebastian county, Arkansas, on account of a paving contract, and that the premium on the same was $196.97. He testified that he paid Ferrari this amount and in response

to a question propounded to him on cross-examination he states that $3,519.59 is all that he had paid to Ferrari on any account. That being true, Ferrari was justified in applying $196.97 of the money paid to him to the payment of this premium.

A correct statement of the account between Ferrari and defendant is as follows:

Premium on employers' liability insurance _____$2,934.60
Premium on public liability insurance _____ 768.25
Premium on U. S. F. & G bond____ 196.97

Total _____$3,899.82
Less total amount paid by defendant _____ 3,519.59

Balance due _____$ 380.23

$196.97 of the amount paid to Ferrari was properly credited by him to the payment of the premium on the bond furnished by the United States Fidelity & Guaranty Company. The $770.04 retained by Ferrari on account of bond commission was improperly retained. All the $3,519.59 paid by defendant to plaintiff's agent except the $196.97 named above should have been applied to the payment of the insurance premium due to the plaintiff, and defendant is not responsible for Ferrari's failure to do so. Therefore, the sum of $3,702.85 due by defendant to plaintiff should be credited with $3,322.62, which leaves a balance of $380.23, for which plaintiff is entitled to judgment. The sum which was legally tendered to plaintiff being less than the amount found to be due, the tender did not have the effect of relieving the defendant of the costs in the case.

For the reasons assigned, the judgment appealed from is amended by increasing it to $380.23 with 5 per cent interest from February 18, 1929, and as amended it is affirmed, with all costs in both courts.