McBRIDE, Judge.
This is a suit for an accounting.
Solomon Zelman and Martin J. Egert owned all of the capital stock in two corporations known as Southern Plumbing & Supply Corp. and Eight Mile Post Plumbing Supplies, Inc.; during 1949 they “parti *764 tioned” their interests by Zelman turning all of his stock in Eight Mile Post Plumbing Supplies, Inc., over to Egert and by Egert turning over to Zelman all of his shares of stock in Southern Plumbing & Supply Corp. At the time of this transaction there were several accounts receivable, ten in number, due Eight Mile Post Plumbing Supplies, Inc., and as part consideration of the partition, it was agreed between Zelman and Egert that Eight Mile Post Plumbing Supplies, Inc., would collect said accounts receivable and remit one-half of the amounts collected to Southern Plumbing & Supply Corp.
This suit was filed by Southern Plumbing & Supply Corp. against Martin J. Egert and Eight Mile Post Plumbing Supplies, Inc.; it is alleged that the ten accounts, aggregating $3,195.56, had been collected by the defendants but that no accounting had been made therefor to the plaintiff, and the plaintiff prays for an accounting and for judgment against the defendants in solido for one-half of the amounts which defendants may have collected on the accounts.
The trial judge appointed Mr. Joseph V. DiRosa, Certified Public Accountant, as-auditor to make an investigation and to examine the books of Eight Mile Post Plumbing Supplies, Inc., and such other data as may be available pertaining to the accounts, and to render a procés-verbal reflecting the amounts which the defendants had collected on the accounts receivable in question. Such procés-verbal was-in due course filed by the auditor and shows:
summary of the monetary considerations in the accounts above commented on follows: “A
Court Attorney Net Name Costs Fees Collections Receipts A & D Hardware $10.60 $- $ - $(10.60) Chester Daigle 4.50 - - ( 4.50) Gilbert Darby 13.25 50.00 116.66 53.41 C & G Hardware 4.50 - - ( 4.50) Thomas Heier 18.05 50.00 200.00 131.95 George Sours 3.50 - - ( 3.50) Ernest St. Romain 18.35 - - (18.35) United Steel Products Lew Wallace Frank Loup Total $72.75 $100.00 $316.66 $143.91” No record available No record available No record available
After a trial the auditor’s account was homologated and judgment was rendered in favor of the plaintiff for one-half of the net receipts shown thereon, or $71.96. The plaintiff appealed. The defendants neither appealed nor answered plaintiff’s appeal.
We have carefully read the testimony adduced on the trial of the case, and it appears that defendant, Egert, admitted collecting $58 on the Ernest St. Romain account and the receipt of $298.79 from the Lew Wallace account. Plaintiff endeavored to show that collections had been made on other accounts and that larger sums had been paid by St. Romain and Lew Wallace. However, Mr. Arthur Landry, the attorney who represented St. Romain and paid the judgment, could not say with any degree *765 of certainty how much his client paid. With reference to the Lew Wallace account Catherine Wallace stated it was settled on the basis of installment payments, but her testimony does not give us any idea of the aggregate amount of the payments. Plaintiff has not shown collections on any other account for which the auditor has not given credit. In view of the uncertain evidence tendered by plaintiff, we must accept for the basis of the accounting the statements of Egert, who was positive as to the amounts he received from St. Romain and Wallace.
 Experts may be appointed whenever the court deems them necessary in order to obtain information, or at the request of the parties to the suit; however, the courts are not bound to follow the opinion of experts in their decision, and it may correct any error in the reports of the auditors of accounts, or it may even order another report to be made by the experts or another examination of accounts by the auditors. C.P. arts. 442, 458. A report of auditors is not conclusive upon the court and evidence may be received to show its incorrectness. Babin v. Nolan, 6 Rob. 508; Tourne v. Riviere, 1 La.Ann. 380.
Adding the amounts which Egert admits were collected from St. Romain and Wallace to the net receipts shown by the auditor’s procés-verbal, the total collections would aggregate $500.70, and of this plaintiff would be entitled to receive one-half or $250.35.
The appellant asks that we amend the judgment so as to allow Mr. DiRosa, the auditor appointed by the court, a fee for his services. Unquestionably this expert is entitled to be paid in the matter, but we are unable to determine what amount he should receive. Nothing appears in the record evaluating the services, so we are at a loss as to arrive at the amount of a proper allowance. Whereas the services were performed under the eye of the trial judge, he undoubtedly would be in a superior position to regulate the expert’s fee,, so we feel in fairness to all parties the matter should be remanded to the lower court for such purpose. Such evidence as may he relevant to the matter is to be received and considered along with that appearing in the record.
Experts, auditors of accounts, and arbitrators named in pursuance of the provisions of the Code of Practice shall be entitled to receive such compensation for their services as the court may determine, according to the nature of the cause, and such compensation shall be included in the taxed costs and shall be paid by the party cast. C.P. art. 462.
Because defendants, on January 6, 1956, deposited in the registry of the trial court for the account of plaintiff the sum of $71.96, which was their indebtedness appearing from the auditor’s procés-verbal, the judgment casts the defendants with court costs to said date and stipulates plaintiff shall pay all costs accruing thereafter. However, as the funds deposited did not constitute a tender of the full amount due-plaintiff, such is ineffectual and defendants, should be held liable for all costs and the judgment should be amended accordingly.
The same thing may be said with reference to interest on the amount of the judgment; interest at the legal rate should run thereon from judicial demand until paid rather than until January 6, 1956.
It is ordered, adjudged and decreed that the judgment appealed from be amended so as to increase the amount of the judgment from $71.96 to $250.35, with legal interest thereon from judicial demand until paid, and that said judgment be further amended so as to provide that all court costs are to be borne by defendants, and as thus amended and in all other respects the judgment is affirmed.
It is further ordered, adjudged and de- • creed that the matter be remanded to the *766 district court for such further proceedings as are necessary in the case not inconsistent with the views we have hereinabove expressed.
Defendants are to pay the costs of this appeal.
Amended and affirmed; remanded.