YARRUT, Judge.
This suit seeks recovery by Plaintiff, shoring contractor, of $593.00, for raising and leveling Defendant’s residence at 3322 State Street Drive in New Orleans, per written contract, plus 6% interest and 25% attorney’s fee as provided therein.
Defendant admits the contract, but denies indebtedness because Plaintiff did not properly perform the work, which caused him to pay $1200.00 to repair the resulting dam *530 age, and prayed in reconvention for $2000.-00, or a net judgment of $603.00 after offset of Plaintiff’s claim for $593.00.
The trial court allowed Defendant an offset of only $293.00, and rendered net judgment in favor of Plaintiff for $300.00, with legal interest from judicial demand, disallowed the attorney’s fee, and that the costs be borne equally by both parties.
Plaintiff has appealed for recovery of the full contract price of $593.00, with 6% interest and 25% attorney’s fee.
Plaintiff admitted by letter, before suit was filed, that the work was performed by his men improperly, which letter reads in part:
“ * * * we are willing to do this work on account of an error that was made in leveling the house and back ■of house raised too high, and had to be let down, and perhaps it might have ■caused some additional cracks in the plaster. This would not have happened if the house were only lifted to a level from the highest point, as originally ■called for in the contract, which would have been an approximately lj/i" raise at the right rear corner, leaving the house in its original position at the left rear corner
and Plaintiff’s president and general manager testified:
“We do admit and I do admit that the man made a mistake and raised the back of the house about four inches too high and had to let it back down. That is the reason why Mr. Murphy was forced to put another additional step, another tread to his front steps, because the front is what was low, it wasn’t the back, it was the front.”
Plaintiff’s president and general manager, and the contractor who repaired the plaster and wall damage, for which the latter was paid $885.00 by Defendant, both admitted the raising and lowering of the building could increase and accentuate pre-existing wall and plaster damage, but neither could or would attempt to estimate the extent thereof. This was clearly evidenced by the cross-examination of Plaintiff’s president and general manager, viz.:
“Q. I know you’re a reputable man, how much of this damage was caused by the error ?
“A. Mister, I’m going to be frank with you, that would be impossible for me to tell, even though I’m a house-raiser, I just can’t tell you. I mean, when we raise a house, how much damage is going to happen.
“Q. But some of it was caused—
“A. No, sir, I don’t know — oh, yes, the damage was caused by leveling the house, but not all this damage could be caused by that, because, you see, the house was only raised, say, four inches to the back and it would have had to be raised at that lower corner an inch- and-a-half, so you actually raised it two-and-a-half too high.
“Q. Some of it was caused by the normal raising of the house and, according to this statement here, some of it was caused by the excessive raising?
“A. Well, there’s no doubt that there might have been something on that back room, where we raised it, but how much, Mister, I don’t know.
“Q. But some portion of it was?
“A. Could be.
“Q. Would you care to estimate?
“A. No, sir, I wouldn’t know how to estimate it.”
When the cost of correcting damage caused by improper work is not definitely fixed by competent evidence, the court, in its discretion, must determine the extent and value thereof as best it can. Gowan v. Stone & Webster Engineering Corp., 217 La. 1085, 48 So.2d 95; Murff v. Louisiana Highway Commission, La.App., 146 So. *531 328; Gureasko v. Polders, La.App., 111 So. 2d 580.
We find no error in the court exercising its discretion in fixing the amount of credit at $293.00 (instead of $885.00) to be allowed Defendant as Plaintiff in recon-vention. However, the contract provides for 6% interest and 25% attorney’s fee, and as Defendant did not tender the amount ultimately found to be due Plaintiff, Plaintiff is entitled to recover the contractual interest of 6% and 25% attorney’s fee.
For the above and foregoing reasons, the judgment of the lower court is amended to allow interest at 6% from judicial demand until paid, and 25% attorney’s fee, the costs in the lower court to be divided equally, and the costs on appeal to be paid by Ap-pellee; and, as amended, the judgment is affirmed.
Amended and.as amended affirmed.