325 So.2d 738 (1976)
Curtis BOURG
v.
CANE AIR, INC.
No. 10548.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*739 Larry P. Boudreaux, Thibodaux, for appellant.
Donald T. Carmouche, Donaldsonville, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
LANDRY, Judge.
This appeal by plaintiff Curtis Bourg (Appellant) is from a judgment awarding Appellant $220.00, without interest, as damages for the destruction of Appellant's home vegetable garden by crop dusting activities conducted by defendant, Cane Air, Inc., on nearby property. Appellant was denied interest, and also condemned to pay cost upon the trial court's finding that a legal tender was made by defendant prior to Appellant's instituting suit. We amend the award to increase the amount of damages and reverse that portion of the decree which denied Appellant interest and cast Appellant for costs.
Appellee's concession of liability leaves quantum and tender the sole issues on appeal. During the summer of 1973, as in previous years, Appellant and his wife planted and cultivated a vegetable garden near their home along Bayou Lafourche, south of Napoleonville, in Assumption Parish. Although there is some disparity between the testimony of Appellant and his wife and that of two experts who examined the plot subsequent to its destruction relative to the size of the garden, it is shown that the project consisted of approximately 13 or 14 rows each approximately 168 feet long. It is not disputed that the garden contained 2 rows of okra, 2 to 3½ rows of butter beans; 1 or 2 rows of squash; 3½ rows of peas; 2 rows of snap beans; 2 or 3 rows of cucumbers; *740 and 16 hot pepper plants. Prior to July 18, 1973, the garden was green and healthy, and according to the testimony of Mrs. Bourg, harvest thereof would have commenced about the end of July.
On July 18, 1973, Appellee conducted aerial crop dusting activities on property situated across Bayou Lafourche from Appellant's residence. In the process, Appellee's plane crossed Appellant's premises several times. Immediately following the dusting operation, Appellant's garden turned brown and died.
Within one or two days of the spraying operation, Appellant complained to the Louisiana Department of Agriculture and the Assumption Parish County Agent. Both agencies conducted investigations which disclosed that the garden was destroyed by chemicals used in Appellee's spraying operation.
Mrs. Bourg testified that a portion of the garden produce was used for home consumption and part was sold. She gave no estimate of percentages consumed and sold. She explained that in prior years she sold from $250.00 to $300.00 worth of vegetables annually. She stated that some produce was sold by her along the roadside, and some as the result of telephone orders both voluntary and solicited. She also stated that what she and Appellant could not sell or consume daily, she put in her deep freeze. She acknowledged that she incurred some expense, such as gasoline for her truck, in making roadside sales and filling telephone orders which she delivered.
Robert Willett, Inspector, Louisiana Department of Agriculture, investigated Appellant's complaint on July 22, 1973. He found the garden had been destroyed by chemical spray. Utilizing yield and retail price charts supplied by the Louisiana Cooperative Extension Service, but omitting the 2 rows of snap beans and 16 hot pepper plants, Willett valued the garden at $303.34. He determined each row was 168 feet in length and, using retail value of the prospective yield, found the following valuse: 3½ rows of peas, $44.80; 2 rows okra, $129.60; 3 rows butter beans, $36.00; 1 row squash, $68.94; and 2 rows cucumbers, $24.00. Mr. Willett conceded that the retail prices indicated on his chart represented state wide average retail prices which are changed frequently to represent fluctuating values. Being unaware that Appellant sold part of the garden production, he explained that the value thus reached is that which Appellant would have to pay for the garden yield if purchased at a retail store.
Assumption Parish County Agent, Arthur J. Bergeron, examined subject garden two weeks to a month after the spraying by which time the garden was completely abandoned. Using wholesale value and estimating the rows at 150 feet each, Mr. Bergeron valued the loss at $220.00. He itemized his estimates as follows: 3frac12; rows peas, $35.00; 2 rows okra, $70.00; 2 rows butter beans, $20.00; 2 rows squash, $20.00; 2 rows cucumbers, $35.00; 2 rows snap beans, $25.00; and 16 hot pepper plants, $15.00. Mr. Bergeron based his valuations on charts prepared by Louisiana State University Extension Service specialists, which charts show state wide raw produce average values. He explained that the chart gives average values paid at large open markets such as the New Orleans French Market, which he adjusted to reflect local values in Assumption Parish. Mr. Bergeron conceded his valuations, based on estimated 150 foot rows, should be increased approximately 10% if the rows were 168 feet long.
We find no error in the trial court's employment of the valuation method followed by Mr. Bergeron. We do find, however, that the lower court erred in failing to add 10% to Mr. Bergeron's appraisal because the rows were 168 feet in length instead of 150 feet as estimated by Mr. Bergeron. In this regard, we note the above mentioned testimony of Mrs. Bourg that the rows were 168 feet long, *741 which testimony is corroborated by that of the disinterested witness, Willett.
Appellant's contention that the award should be increased to include loss of profit from that portion of the crop sold was properly rejected by the trial court. As above stated, Mrs. Bourg attested to the sale of vegetables each year. We also note the record contains ample proof of such sales. However, the record contains no evidence indicating the percentage of the crop sold; neither does it indicate the expenses incident to sales, such as delivery expense, cost of hampers and containers and other costs. It is elementary that a claimant must establish his damages with reasonable certainty. Obviously plaintiff is not entitled to recover full retail value as the measure of alleged lost profits where marketing expense is involved and not shown. Under the circumstances, Appellant's recovery is limited to the wholesale values attested by the expert, Willett.
Appellee contends a tender was made by Willett of a check in the sum of $220.00 presented to Mrs. Bourg prior to institution of suit. During trial, Appellee again offered Appellant a check in similar amount in payment of Appellant's claim. Relying upon LSA-C.C. arts. 2167 and 2168, Appellee maintains this proffer constitutes a legal tender which relieves Appellee of liability for interest on the award to Appellant and costs as well.
Appellant argues that the offer was not a legal tender because the offer to Mrs. Bourg did not disclose the amount of the check, and also for other technical reasons unnecessary to mention.
It is well established law that a tender does not have the effect of relieving a debtor of the obligation to pay interest on a judgment and costs of litigation unless the tender is for the full amount ultimately found due the creditor. This principle applies even where the debtor tenders the full amount found due by the trial court but the award is subsequently increased on appeal. Orleans Shoring Company v. Murphy, La.App., 151 So.2d 529; Ledbetter v. Hammond Milk Corporation, La.App., 126 So.2d 658; Southern Plumbing & Supply Corporation v. Egert, La.App., 110 So.2d 762; American Employers' Insurance Company v. Hyman, 18 La.App. 455, 138 So. 719.
Assuming the tender made by Appellee was valid as to form, it does not relieve Appellee of the obligation of paying interest on Appellant's judgment and costs of this litigation.
It is ordered, adjudged and decreed that the judgment of the trial court be amended to increase the award in favor of Appellant to the sum of $246.00, and reversed insofar as it denies Appellant interest and costs and that there be judgment herein in favor of Appellant Curtis Bourg and against Appellee Cane Air, Inc., in the sum of $246.00 with legal interest thereon from date of judicial demand, until paid, and all costs of these proceedings.
Amended and remanded.