CUTRER, Judge.
This is a suit for damages filed on behalf of plaintiff, Warren J. Moity, and against defendant, Petty-Ray Geophysical, Inc., and its insurance carrier, Hartford Accident & Indemnity Company, arising from the destruction and loss of plaintiff’s property allegedly due to the negligence of the defendant. The issues presented on appeal are whether the trial judge erred in holding that the defendant was liable to the plaintiff for damages and whether the trial court properly awarded damages for the loss of plaintiff’s fence and cattle.
The testimony of the plaintiff and his two employees, Fred Romero and Clarence Alfred, reflects that on Friday, April 6, 1974 Romero and Alfred went to the premises to check and feed the cattle. Upon arrival, they found a seismographic crew working on the property. There were two or three trucks on the property and approximately eight employees working there. Mr. Moity was called and when he arrived he told the crew that he wanted them to leave as he had the property leased. The crew left the property. Some minor damage to the fence was noticed on this occasion but, after a “head count,” it was determined that no cattle were missing.
The following day, Saturday, April 7th, the crew was again on the property and the fence was down in two places for a distance of approximately 100 feet in each place. The two gates were also damaged. A “head count” reflected that 14 cows and 1 bull were missing. The defendant’s employees were informed of the missing cattle.
The two employees of plaintiff also testified that the fences were in good condition as they had been rebuilt or repaired a short time before this incident. They also stated that the cattle were a nervous type and were easily excited by any unusual activity such as was taking place by the work of the seismographic crew. They stated that this was the only activity on or around the property that could have caused the cattle to get excited. The broken areas of the fence looked as if the cattle had pushed through the enclosure.
The employees searched for the missing cattle for two or three days to no avail.
*227 The defendant’s witnesses acknowledged having worked on the property during the days in question but denied that any damage was done to the fences.
The general principles of law which pertain to the issues herein are as follows:
For a lessee to recover damages due to a third party’s negligence when such third party had the permission of the landowner to be on the property, the lessee has the burden of proof to establish by a preponderance of the testimony that the party’s activity was the proximate cause of the damages sustained. Hebert v. United Gas Pipeline Company, 210 So.2d 71 (La.App. 1st Cir. 1968).
 In negligence cases, proof by either direct or circumstantial evidence is sufficient to constitute a “preponderance of the evidence” when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). Circumstantial evidence need not negate all other possible causes of injuries as long as the circumstantial proof excludes other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972).
 It is a well-known principle that much weight is to be afforded to the trial court’s finding of fact, particularly where there is a conflict in the evidence taken at trial, and the trial court’s judgment will not be reversed if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. Gaudet v. Berry, 307 So.2d 767 (La.App. 1st Cir. 1975). The record in this case indicates that no manifest error was committed by the trial court. The evidence offered by the plaintiff was sufficient to sustain his burden of proof and the trial judge was correct in finding liability on behalf of the defendants.
The defendants contend that the plaintiff failed to prove the amount of damages to his fence. We can find no merit in this argument. The plaintiff has the burden of proving his damages with reasonable certainty and we feel he has done so in this case. Bourg v. Cane Air, Inc., 325 So.2d 738 (La.App. 1st Cir. 1976). The plaintiff presented the only evidence as to the value of fence damage and this was an estimate prepared by Mr. Romero, a person experienced in building fences, in the amount of $1,112.14. We find no manifest error in the trial court’s award for this amount for fence damages.
The defendants also contend that the lower court erred in holding the plaintiff proved the value of his lost cattle. The plaintiff testified that he had purchased the lost cattle in 1974, which would be within a close proximity of the time of loss, April 1974. He purchased the cattle from John Prather of P & S Stock Farms, stating that some of the cows cost $400 and some others $600. Mr. Prather, called as a witness for the plaintiff, identified a bill marked P-1 in which he valued 14 cross Brahmans at $385 per cow and one Charoláis bull at $850 for a total of $6,240.00. There is some question as to whether this figure represented the price at the time of the sale or an estimate of the value of the cattle at the time of loss. The trial judge accepted the values of Prather, however, and we find no manifest error in this regard. The court awarded $6,140.00 for the loss of cattle, computing same on the basis of $385 per cow plus $850 for one bull. We find a mathematical error in the trial court’s calculation. The value of the 14 cows is $5,390 instead of the $5,290 as calculated by the trial court. The total award for the cattle will be $6,240.00.
For the foregoing reasons, the judgment of the trial court is affirmed in all respects except that the award to plaintiff is increased to $7,352.14, with legal interest thereon from date of judicial demand.
All costs of this appeal are assessed against the defendant-appellant.
AMENDED AND AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.