Martin, J.
delivered the opinion of the court. The plaintiff obtained an order of seizure and sale on a mortgage, given by the defendant to secure the payment of a note for $1016, 66, annexed to the record.
The mortage was contained in a notarial sale of several lots sold by the plaintiff to the defendant for $3050, for which the latter gave three notes of $1016, 66 each.
The answer states, that, “ true it is, the defendant made the notes and mortgage mentioned *214 in the petition, but it is not true that the purchase money now claimed by the plaintiff is due ; on the contrary the defendant avers that the two first notes have been paid, and likewise the further sum of $1000 was paid by W. Boyd and son, for the defendant, to the plaintiff, on account of the price of said lots, which leaves only a balance of $16, 66, which the defendant has always been and is ready to pay.”
East’n District.
June, 1820.
There was judgment for the plaintiff, and the defendant appealed.
The evidence, which comes up with the record, is composed of two documents and two two depositions.
1. A note of the defendant to the plaintiff for 1000 dollars, payable six months after date, with credits on the back amounting to the whole sum, paid by W. Boyd & son, to the plaintiff.
This note was produced by the defendant on the motion of the plaintiff.
2. A receipt for said note, after it was paid, from the defendant to W. Boyd and son.
1. W. Rey, a witness for the defendant, proved the payment of the note for 1000 dollars, and deposed that in a conversation between the parties, he heard the plaintiff say, he had made an excellent bargain in the purchase of a house, *215 and being asked what profit he would take therefor, said 1000 dollars. That the defendant purchased the house, and he understood from both parties, that the above note of 1000 dollars, was given in consideration of this purchase. That the 1000 dollars profit of the plaintiff was to be paid by repressing cotton, and all but the, last item (182,66) was so paid.
2. Davidson, a witness of the defendant, being interrogated by the plaintiff, says he took a cotton press from the defendant, who, on this occasion told him, he had purchased some property from the plaintiff and given him a 1000 or 1500 hundred dollars profit, which was to be taken out in repressing cotton.
On his cross examination, the witness added that the property he mentioned, was purchased by Harrison at a sheriff’s sale for 3050 dollars, and by him sold to the defendant, and is the property of which part of the price is now demanded.
It was admitted that the plaintiff at the sheriff’s sale gave 3050 dollars for the property.
There was no bill of exceptions, but an entry was made on the record, that the testimony was taken subject to every legal objection.
The defendant urges that he has shewn that he purchased these lots for 3050 dollars, as ap *216 pears by the deed of sale annexed to the petition, that the plaintiff has received payment of two notes of 1016 dollars, 66½ cents each, and from W. Boyd & son, on the defendant’s account 1000 dollars, in all 3033 38½, leaving only a balance of 16 dollars 66 cents. That the parol proof, introduced by the plaintiff, and excepted to by the defendant, that there was a verbal agreement to pay 1000 more than the consideration money mentioned in the deed, was illegal and must be rejected.
He insists that this case cannot be distinguished from that of Clark’s ex’rs & al. vs. Farrar, 3 Martin, 317, in which similar evidence having been received by the judge a quo this court held, after solemn argument, that the evidence was illegal, and that the payment must be imputed to the purchase money expressed in the deed. He argues that in the present case, the consideration of the note of 1000 dollars has been gone into, and the result is that there was no legal consideration. That in consequence of this, as the note is still in the hands of the original payee, the maker may avail himself of this want of consideration, and demand that the money thus paid may be imputed to the discharge of the purchase money mentioned in the deed.
Livermore for the plaintiff, Hennen for the defendant.
It appears to us, no part of the parol testimony was admissible. The deed of sale bears date of the 3d of April, 1818, and acknowledges that the lots are sold for 3050 dollars, for which the defendant has given three notes of 1016 dollars, 66 cents each, for the last of which, the present suit is brought ; and he attempts to shew, by parol evidence, that another note of 1000 dollars, of a date anterior to the deed, viz. 18th of March, 1818, was given as part of the purchase money. This cannot be done, and if it could, would certainly authorise the plaintiff to insist on the whole conversation, part of which is given by the defendant’s witness, being related.
If we leave the parol evidence out of view, there is nothing to support the defence.
There is no similitude between the case of Clark’s ex’rs. & al. vs. Farrar and this. Here the promise, to pay the 1000 dollars, is evidenced by a written act, executed a fortnight before the deed of sale.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.