## Mrs. Kennedy v. Municipality No. Two.

By the Act of 30th April, 1853, every riparian proprietor within the limits of corporate towns in this State, is authorized to sue the corporation for the occupation of so much of the batture in front of his property as may not be necessary for public use.

The property of plaintiff was designated by the following metes and bounds: " One hundred and eighty feet, French measure, front on the river Mississippi, and extending back and forming the like front on the New Levee street, bounded on the upper side by a street which is the prolongation of Suzette street, and on the lower side by the property now or lately belonging to the succession of *Urbain Guiennié*, in front by the river Mississippi, and in the rear by said New Levee street, together with the privileges and appurtenances thereto belonging or in any wise appertaining." *Held:* This discription conveys, by right of accretion, the alluvial deposits opposite the lot conveyed. Civil Code, 501.

The case of *Municipality No.* 2 v. *The Orleans Cotton Press*, 18 Louisiana Reports, 287, affirmed.

The possession of the batture by the city is for the purpose of administration,—is not inconsistent with a right of ownership in the riparian proprietor, and can not form the basis of an adverse title on which the city could maintain a plea of prescription to an action brought by such proprietor.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Elmore & King*, for plaintiff. *Livingston*, for defendant and appellant.

BUCHANAN, J. The plaintiff claimed in her original petition to be put in possession of a certain extent of batture in front of her property situated in the faubourg Delord, on the ground that the said extent of batture was not required for the use of the public, but was susceptible of private occupation and improvement. By a supplemental petition, she claimed that the corporation should be condemned to fill up certain excavations alleged to have been made in the batture herein claimed by plaintiff. The answer of the Municipality was a general denial. Pending this issue, Municipality No. Two merged in "the city of New Orleans," by the consolidation Act of 1852; and the new corporation, being made party defendant, filed an answer, claiming title to the batture in question, as *locus publicus*, and also by the prescriptions of ten, twenty and thirty years. There was judgment in favor of the plaintiff for the

possession of the extent of batture claimed by her, and rejecting her demand
for the filling up of the same at the expense of the city. The latter has ap-
pealed.

No question has been made, in the pleadings nor in the argument, of the
right of an individual to bring such an action as the present one, in the year
1851, the date of the institution of this suit. This point might have caused
some embarassment, for the cases of *Packwood* v. *Walden*, 7 New Series, and
that of *Henderson* v. *The City of New Orleans*, in 5 Louisiana, are not alto-
gether reconciliable with each other; but the Act of the Legislature of the
30th April, 1853, has relieved the cause of any difficulty on that score. By
that Act, every riparian proprietor, within the limits of corporate towns in this
State, is authorized to sue the corporation for the occupation of so much of the
batture in front of his property as may not be necessary for public use; and
the question of how much of the land is required for public use, is by that
statute submitted to the arbitrament of the courts. It only remains, therefore,
to determine, whether the plaintiff is entitled to the remedy given by the Act
of 1853.

The first point made by appellant, is, that plaintiff has not shown herself to
be a riparian proprietor, entitled to the alluvion formed by the deposits of the
river.

The title of plaintiff has the following metes and bounds: " One hundred
and eighty feet, French measure, front on the river Mississippi, and extending
back and forming the like front on the New Levee street, bounded on the upper
side by a street which is the prolongation of Suzette street, and on the lower
side by the property now or lately belonging to the succession of *Urbain
Gaiennié*, in front by the river Mississippi, and in the rear by the said New
Levee street, together with the privileges and appurtenances thereto belonging
or in any wise appertaining." This description clearly conveys, by right of
accretion, the alluvial deposits opposite the lot conveyed. Civil Code, Art,
501. *Morgan* v. *Livingston*, 6 Mart., 216. *Municipality No. Two* v. *Orleans
Cotton Press*, 18 L. R., 240.

The next point made by defendants, namely, that the batture is *locus publicus*,
and belongs to the city by destination, is a renewal of the pretentions set forth
by the city in the case just quoted, of *Municipality No. Two* v. *Orleans Cot-
ton Press;* and which were overruled, after the fullest argument, and the most
mature consideration. See 18th L. R., 237. As to the claim by prescription,
it results very clearly from the authorities above invoked, that the possession
of the *locus in quo* by the city, was a possession simply for purposes of admin-
istration, not at all inconsistent with a right of ownership in the riparian pro-
prietor, and destined in its nature, to terminate upon the happening of a cer-
tain contingency. Such a possession cannot be pleaded against the riparian
proprietor, as the basis of an adverse title in the city. This suit is very dif-
ferent from a petitory action. The plaintiff does not sue the defendant as an
usurper or trespasser. On the contrary, while asserting title in herself, she
recognizes the legality of the possession and administration of the property,
which defendant has held to the present time, but claims that such possession
should now cease, by reason of the cessation of the condition on which alone
it existed, to wit: its being necessary for public uses: and that the possession
should be reunited to the naked ownership.

Upon the merits, the weight of evidence preponderates decidedly in favor of

KENNEDY
*v.*
2D MUNICIPALITY.

the plaintiff. It is established by proof, that a space of more than six hundred feet intervenes between the houses on Front street and low water mark. And none of the witnesses say that so much as half that space is necessary for the public use. The demand of the plaintiff to reclaim and possess for her own advantage, two hundred and forty feet, in breadth, of the batture in front of her property, appears to be reasonable and even moderate, under these circumstances.

As respects the claim on the part of the plaintiff, to have the excavations of the batture filled up at the expense of the city, we find nothing in the evidence which justifies the conclusion that the corporation has made any other excavation than such as it had a right to make, in taking earth for the construction of embankments, levees and wharves for the public use on the batture.

Judgment affirmed, with costs.